UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TYRONE SAMULES,

                Petitioner,              **MEMORANDUM AND ORDER**

   -against-                                    05-CV-4140 (DLI)

SUPERINTENDENT BURGE,

                Respondent.
-------------------------------------------------------X
IRIZARRY, J.:

       Petitioner, Tyrone Samules, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1991 New York State conviction for murder in the second degree and other, lesser offenses. Petitioner's request to proceed in forma pauperis is granted. However, for the reasons set forth below, this Court cannot consider this petition without permission of the Court of Appeals and will therefore transfer this petition to the Second Circuit in the interest of justice.

       This is the second petition for a writ of habeas corpus petitioner has filed in this Court to challenge his 1991 conviction. The previous § 2254 petition – Samules v. Artuz, No. 97-CV-2928 (CPS) – was filed in 1997, and challenged his State conviction on various grounds. After proceedings in that case were stayed for almost one year to permit petitioner to pursue his State remedies relating to certain unexhausted claims, that petition was denied on the merits by the Honorable Charles P. Sifton. Samules v. Artuz, No. 97-CV-2928 (CPS) (E.D.N.Y. Sept. 7, 2001). Petitioner's subsequent appeal to the Second Circuit Court of Appeals was dismissed. Samules v. Artuz, No. 01-2573 (2d Cir. April 5, 2002) (Mandate).

Since petitioner's previous habeas petition was adjudicated on the merits and dismissed with prejudice, this petition is "second or successive" under 28 U.S.C. §2244(b)(3). See Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice"); see also Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003) (to be considered "successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction."). Section 2244(b), which sets forth the requirements for bringing a second or successive § 2254 petition, provides that a court may consider a claim which has not already been adjudicated in a prior habeas proceeding and which relies on "new facts showing a high probability of actual innocence." Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2646 (2005) (citing 28 U.S.C. § 2244(b)(2)). However, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s ... actual-innocence provisions." Id. (citing 28 U.S.C. § 2244(b)(3)). Since there is nothing to suggest that petitioner has moved in the Court of Appeals pursuant to § 2244(b)(3)(A) for an order authorizing this Court to consider this second or successive habeas corpus application or that the Second Circuit Court of Appeals has granted petitioner's motion, this Court cannot consider the instant petition.

In accordance with the procedure set forth in Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996), this Court will not dismiss this action but will transfer it to the Court of Appeals in the interest of justice. Accordingly, the Clerk of Court is directed to close this case and to

transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED.

Dated: Brooklyn, New York
September 12, 2005

_____
DORA L. IRIZARRY
United States District Judge